ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| ALEX RIVERA HUERTAS<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrido | **TA2026RA00216** | *REVISIÓN ADMINISTRATIVA* procedente de Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: JLBPNUM-148655<br><br>Sobre: Privilegio Libertad Bajo Palabra |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 29 de mayo de 2026.

Comparece ante nos el Sr. Alex Rivera Huertas (señor Rivera o "el recurrente") por derecho propio e *in forma pauperis*, y nos solicita que revisemos una *Resolución* emitida por la Junta de Libertad Bajo Palabra (JLBP o "parte recurrida") notificada el 3 de marzo de 2026. Mediante el referido dictamen, la JLBP denegó la concesión del privilegio de libertad bajo palabra al recurrente.

Por los fundamentos que expondremos a continuación, **CONFIRMAMOS** la determinación recurrida.

### I.

Según surge del expediente, el señor Rivera se encuentra cumpliendo una pena en prisión de cuarenta y cinco (45) años por los delitos de asesinato en segundo grado y ley de armas.[2] Asimismo, se estima que cumpliría

---

[1] Ver Orden Administrativa OATA-2026-044 del 4 de mayo de 2026.
[2] Véase, *Resolución* emitida por la JLBP el 27 de enero de 2026, siendo notificada el 26 de febrero de 2026, apéndice 2 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

su sentencia el 12 de agosto de 2045. Además, posee un "detainer" federal emitido el 25 de marzo de 2011.[3] La pena federal impuesta es de ciento cincuenta y un (151) meses, los cuales se deben cumplir de forma consecutiva con cualquier pena estatal.

El 4 de septiembre de 2024, la JLBP evaluó el caso para la concesión del privilegio de libertad bajo palabra, ordenando mediante *Resolución* con fecha de reconsideración para el mes de octubre de 2025.

Luego de varias incidencias procesales, el 27 de enero de 2026, notificada el 3 de marzo de 2026, la JLBP emitió la *Resolución* recurrida, en la que determinó no conceder el privilegio de libertad bajo palabra al señor Rivera. Para sustentar su determinación, emitió las siguientes determinaciones de hechos:

1. El peticionario se encuentra clasificado en custodia mediana desde el 4 de enero de 2022.

2. Del expediente surge que el nuevo hogar propuesto por el peticionario el 8 de abril de 2024 en Cooperativa Villa Kennedy, Ed. 5. Apt. 79 en San Juan, PR, luego de ser corroborado por el Negociado de Comunidad del DCR el 12 de julio de 2024, resultó no viable por catalogarse el complejo de vivienda como uno de alta incidencia criminal y trasiego de sustancias controladas.

3. Del expediente surge que el peticionario cuenta con una oferta de empleo corroborada por el DCR.

4. Del expediente surge que al peticionario le realizaron Toma de Muestra de ADN el 2 de marzo de 2017, conforme Ley 175-1998.

5. El peticionario completó terapias de Aprendiendo a Vivir sin Violencia el 25 de junio de 2014.

6. Del expediente surge que al peticionario le realizaron evaluación psicológica el 13 de febrero de 2024.

---

[3] Véase, anejo II en la oposición al recurso en SUMAC.

7. Surge del expediente que el peticionario realizó pago de pena especial de $900.00 al amparo de ley 183-1998.

8. El peticionario cuenta con un "detainer" federal expedido el 28 de abril de 2011 por el "United States District Court for the San Juan District of Puerto Rico" del "United States Department of Justice".

No obstante, añadieron que el recurrente poseía un "detainer" federal, por lo que, a pesar de presentar un plan de salida completo dentro de los Estados Unidos, determinar que el plan de salida era viable sería en contravención de los estatutos federales. Consecuentemente, consideraron que el señor Rivera no cualificaba para los beneficios de libertad bajo palabra. En adición, decretaron la suspensión de todos los procedimientos relacionados a su caso hasta que cumpla la totalidad de su sentencia.

Inconforme, el 27 de abril de 2026, el recurrente presentó el recurso de epígrafe en el cual planteó el siguiente señalamiento de error:

Erró la JLBP al expresar en su Resolución Núm. 148655 lo siguiente se decreta la suspensión de todos los procedimientos relacionado a su caso hasta que cumpla la totalidad de su sentencia partiendo en su orden que el peticionario cuenta con un detainer federal.

El 28 de abril de 2026, emitimos una *Resolución* mediante la cual le concedimos a la parte recurrida el término dispuesto en el Reglamento de este Tribunal, para que presentara su alegato.

El 28 de mayo de 2026, la JLBP presentó *su Escrito en Cumplimiento de Resolución*. Mediante el cual, solicitó se confirmara el dictamen recurrido, puesto que el señor Rivera posee una orden de detención federal. Resaltaron que era válida la decisión de denegarle el privilegio de libertad bajo palabra.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso ante nuestra consideración.

**II.**

**-A-**

El Artículo 4.006 (c) de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, Ley Núm. 201 del 22 de agosto de 2003, según enmendada, 4 LPRA sec. 24y, faculta al Tribunal de Apelaciones a atender las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. Véase, además: *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38 del 30 de junio de 2017, según enmendada, 3 LPRA sec. 9601 *et seq.* A esos efectos, en el foro apelativo tiene la obligación de brindarle deferencia a las determinaciones de los organismos administrativos en consideración a la experiencia y el conocimiento especializado de las agencias respecto a los asuntos que le fueron delegados. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan*, 2025 TSPR 33. De igual modo, las decisiones administrativas gozan de una presunción de legalidad y corrección, por lo que la parte que las impugne debe producir suficiente evidencia para derrotarlas. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan*, supra.

Nuestra facultad revisora tiene como fin asegurar que las agencias administrativas actúen a tenor con las facultades otorgadas por ley y en cumplimiento con los mandatos constitucionales, en especial, el de debido proceso de ley. *Oficina de Ética Gubernamental v. Martínez Giraud*, 210 DPR 79, 88 (2022); *Capote Rivera v.*

*Voilí Voilá,* 213 DPR 743, 753 (2024). Para ello, al momento de revisar una decisión administrativa, el principio rector es el criterio de la razonabilidad en cuanto a la actuación de la agencia. *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99 (2023*); Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016*); IFCO Recycling v. Aut. Desp. Sólidos,* 184 DPR 712, 743 (2012). Al aplicar este criterio, los foros revisores deben determinar si el dictamen del ente administrativo en la interpretación de los reglamentos y los estatutos que le incumbe implementar es razonable y no si dicha determinación es la más razonable o la mejor. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan*, supra. En otras palabras, la revisión judicial procede si la agencia actuó arbitraria o ilegalmente, o tan irrazonable que su actuación constituye un abuso de discreción. *Rolón Martínez v. Caldero López*, 201 DPR 26, 35 (2018). De igual modo, la deferencia a las agencias administrativas cede cuando la interpretación de estas produce resultados incompatibles o contrarios a la política pública o al propósito del estatuto interpretado. *Buxó Santiago v. Estado Libre Asociado de Puerto Rico*, 2024 TSPR 130. A tenor con lo anterior, la Sección 4.5 de la LPAU, *supra*, sec. 9675, y la jurisprudencia aplicable, limitan la revisión judicial a tres aspectos, estos son: (1) que el remedio concedido por la agencia sea apropiado; (2) las determinaciones de hechos estén basadas en evidencia sustancial que obra en el expediente administrativo; y (3) las conclusiones de derecho sean correctas en todos sus aspectos mediante la revisión del tribunal. De igual modo, la determinación final de la agencia sujeto a revisión judicial debe

contener la advertencia sobre el derecho a solicitar reconsideración o revisión judicial, al igual que las determinaciones de hechos como las conclusiones de derecho. Sección 3.14 de la LPAU, *supra*, sec. 9654.

Por otro lado, "[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal." Sección 4.5 de la LPAU, *supra*, sec. 9675. Véase, además: *Otero Rivera v. Bella Retail Group, Inc.*, 214 DPR 473, 485 (2024). Si bien señalamos que las conclusiones e interpretaciones de las agencias merecen gran consideración y respeto, y la revisión judicial se limita a resolver si estas actuaron arbitraria o ilegalmente, esta consideración por parte de los tribunales no equivale a una renuncia de su función revisora. *Vázquez v. Consejo de Titulares*, 2025 TSPR 56. Lo anterior, pues la tarea de interpretar la ley corresponde inherentemente a los tribunales. *Íd*. Es decir, los tribunales deben revisar las conclusiones de derecho en todos sus aspectos, mas no guiados por la deferencia automática, sino por los mecanismos interpretativos propios del foro judicial. *Íd*.

En cuanto a las determinaciones de hechos, estas "poseen una presunción de legalidad y corrección que los tribunales debemos respetar mientras la parte que las impugna no presente la evidencia suficiente para derrotarlas." *Hernández Feliciano v. Mun. Quebradillas*, supra, pág. 114; citando a *Rolón Martínez v. Caldero López*, supra, pág. 35; *Otero v. Toyota*, 163 DPR 716, 728 (2005). A tales efectos, la "[e]videncia sustancial es 'aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión'". *Empresas Ferrer v. ARPe*, 172 DPR 254, 266

(2007); citando a *Hernández, Álvarez v. Centro Unido*, 168 DPR 592, 615 (2006).

-B-

Por otro lado, la Ley Núm. 118 de 22 de julio de 1974, según enmendada, mejor conocida como la *Ley de la Junta de Libertad Bajo Palabra*, 4 LPRA sec. 1501 *et seq.* (Ley Núm. 118-1974), creó la Junta de Libertad Bajo Palabra, adscrita al Departamento de Corrección y Rehabilitación. Dicho organismo cuenta con la autoridad para decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico. Artículo 3 de la Ley Núm. 118-1974, *supra*, sec. 1503. El privilegio de libertad bajo palabra "será decretad[o] para el mejor interés de la sociedad y cuando las circunstancias personales permitan a la Junta creer, con razonable certeza que tal medida habrá de ayudar a la rehabilitación del delincuente." Artículo 3 de la Ley Núm. 118-1974, *supra*, sec. 1503. De esa manera, se permite que una persona convicta y sentenciada a extinguir una pena de prisión, cumpla la última parte de ésta fuera de la institución penal y "sujeto al cumplimiento de las condiciones que se impongan para conceder la libertad." *Maldonado Elías v. González Rivera,* 118 DPR 260, 275 (1987).

Ciertamente, "el beneficio de la libertad bajo palabra no es un derecho reclamable, sino un privilegio cuya concesión y administración recae en el tribunal o en la Junta." *Quiles v. Del Valle*, 167 DPR 458, 475 (2006). De manera que la Junta puede imponer las condiciones que estime necesarias. Así pues, la libertad es una cualificada toda vez que dichas condiciones restringen las actividades del liberado más

allá de las restricciones comunes que se imponen por ley a cada ciudadano. *Benítez Nieves v. ELA*, 202 DPR 818, 825 (2019). En ese sentido, la Junta tendrá la facultad de conceder la libertad bajo palabra a una persona recluida en una institución carcelaria sujeta a los siguientes criterios:

> (1) La naturaleza y circunstancias del delito o delitos por los cuales cumple sentencia.
>
> (2) Las veces que el confinado haya sido convicto y sentenciado.
>
> (3) Una relación de liquidación de la sentencia o sentencias que cumple el confinado.
>
> (4) La totalidad del expediente penal, social, y los informes médicos e informes por cualquier profesional de la salud mental, sobre el confinado.
>
> (5) El de ajuste institucional y del social y psicológico del confinado, preparado por la Administración de Corrección y el médico y psiquiátrico preparado por Salud Correccional del Departamento de Salud.
>
> (6) La edad del confinado.
>
> (7) El o los tratamientos para condiciones de salud que reciba el confinado.
>
> (8) La opinión de la víctima.
>
> (9) Planes de estudios, adiestramiento vocacional o estudio y trabajo del confinado.
>
> (10) Lugar en el que piensa residir el confinado y la actitud de dicha comunidad, de serle concedida la libertad bajo palabra.
>
> (11) Cualquier otra consideración meritoria que la Junta haya dispuesto mediante reglamento.
>
> La Junta tendrá la discreción para considerar los mencionados criterios según estime conveniente y emitirá resolución escrita con determinaciones de hechos y conclusiones de derecho. Art. 3-D de la Ley Núm. 118-1974, *supra*, sec. 1503d.

Cabe resaltar que no puede privarse a una persona de su libertad absoluta o limitada sin garantizarle el debido proceso de ley. *Martínez Torres v. Amaro Pérez*, 116 DPR 717, 725 (1985); *Vázquez v. Caraballo*, 114 DPR 272, 279 (1983).

–C–

Mediante la adopción del *Reglamento de la Junta de Libertad Bajo Palabra*, Reglamento Núm. 9684 del 8 de agosto de 2025 (Reglamento Núm. 9684), se establecieron las normas procesales que rigen en el descargo de la función adjudicativa de la Junta. Art. II, del Reglamento Núm. 9684. En lo pertinente al caso, el Artículo X Sección 10.1, sobre los criterios a ser considerado por la Junta, establece:

> A. La Junta evaluará las solicitudes del privilegio, caso a caso, conforme al grado de rehabilitación y ajuste que presente el peticionario durante el término que ha estado en reclusión.
>
> B. Al evaluar los casos, la Junta tomará en consideración los siguientes criterios con relación al peticionario:
>
> 1. Historial delictivo.
>
> a. La totalidad del expediente penal.
>
> b. Los antecedentes penales. Se entenderá por antecedentes penales las veces que un peticionario haya sido convicto y sentenciado.
>
> c. Naturaleza y circunstancias del delito, por el cual cumple la sentencia, incluyendo el grado de fuerza o violencia utilizado en la comisión del delito.
>
> d. Si cumplió con el pago de la pena especial para el Fondo de Compensación y Servicios a las Víctimas y Testigos de Delito, del Departamento de Corrección y Rehabilitación, dispuesta en el Artículo 48 (i) del Código Penal de 2012, en los casos que aplique.
>
> e. Si existe una orden de detención ("detainer") emitida por cualquier

estado de los Estados Unidos de América, el tribunal federal, el gobierno federal.

f. La Junta no concederá el privilegio de libertad bajo palabra cuando exista un orden de detención ("detainer") emitida por el Servicio de Inmigración y Naturalización.

[…]

13. La Junta tendrá discreción para considerar los mencionados criterios según considere conveniente y cualquier otro meritorio con relación a la rehabilitación del peticionario y al mejor interés de la sociedad. Artículo X Sección 10.1 del Reglamento 9684, *supra*.

De otra parte, el Artículo X, Sección 10.2 del Reglamento Núm. 9684, dispone los documentos que la Junta considerará para la evaluación del caso, entre ellos, la evidencia de orden de detención ("detainer"). Artículo X, Sección 10.2(A)(13)(g) del Reglamento Núm. 9684, *supra*.

### III.

En el caso de autos, el señor Rivera alega que incidió la JLBP al denegarle el privilegio de libertad bajo palabra, puesto que el Reglamento Núm. 9684 no excluye que el tener un "detainer" sea una razón para denegar el privilegio.

Por su parte, la JLBP señala que ejerció válidamente su discreción al considerar el criterio de "detainer" el cual en efecto surge del propio reglamento. Añadió que, la sentencia federal especificó que la sentencia del recurrente sería consecutiva con cualquier sentencia estatal.

Surge del expediente ante nuestra consideración, que el señor Rivera se encuentra cumpliendo una sentencia de cuarenta y cinco (45) años por los delitos de asesinato en segundo grado y ley de armas. Además,

posee un "detainer" federal en el cual debe cumplir ciento cincuenta y un (151) meses de forma consecutiva con la pena estatal.

Conforme establece nuestro ordenamiento jurídico, una parte de la política pública de Puerto Rico radica en la reglamentación de las instituciones penales y en la aprobación de tratamientos adecuados para los confinados, con el fin de facilitar su rehabilitación moral y social. Art. VI, Sec. 19, Const. PR, LPRA, Tomo 1. Por ello, la Ley Núm. 118-1974, *supra*, fue promulgada con el objetivo de reinsertar a los confinados a la sociedad, mientras se protegen los intereses de la población en general incluyendo a las víctimas de delito.

No obstante lo anterior, los confinados deben cumplir las condiciones y términos mínimos dispuestos por ley, y no pueden haber cometido los delitos que están excluidos del beneficio a la libertad bajo palabra. Art. 3 de la Ley Núm. 118-1974, *supra*. En armonía con ello, el Reglamento Núm. 9684, *supra*, establece que, para conceder el referido beneficio, se debe tomar en consideración el historial delictivo de la persona, su clasificación de custodia y si cuenta con un plan de salida viable y estructurado, entre otros criterios.

Luego de examinar el expediente ante nuestra consideración, determinamos confirmar la decisión recurrida. En particular, contrario a lo sugerido por el señor Rivera, la JLBP podía tomar en consideración el "detainer" federal para evaluar su solicitud de libertad bajo palabra. Art. X, Sec. 10.1 del Reglamento Núm. 9684, *supra*. En el caso, la JLBP identificó factores que favorecían la concesión del privilegio de libertad

bajo palabra, no obstante, de igual forma identificó otros, entre ellos, que el señor Rivera tenía un "detainer" federal para ser cumplido de forma consecutiva con la sentencia estatal.

Por ello, a tono con el análisis que antecede, concluimos que la acción administrativa de la JLBP fue adecuada y correcta, por lo cual, el error planteado por el señor Rivera no se cometió. Añadimos que "el beneficio de la libertad bajo palabra no es un derecho reclamable, sino un privilegio cuya concesión y administración recae en el tribunal o en la Junta." *Quiles v. Del Valle*, supra, pág. 475.

**IV.**

Por los fundamentos antes expuestos, **CONFIRMAMOS** la determinación recurrida.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones